104    37
a203s   223

## Chicago & Eastern Illinois R. R. Co. v. Robert Stewart.

1. EVIDENCE—*When it Can Not Be Made the Foundation of Contradiction or of Impeachment.*—Evidence elicited on cross-examination upon a question not in issue can not be made the foundation of either contradiction or of impeachment.

2. SAME—*Personal Examination of Plaintiff.*—Where a plaintiff refuses a personal examination, evidence as to whether such an examination would be harmful is inadmissible.

3. PERJURY—*Can Not Be Proved by Affidavits.*—Perjury can not be proved by affidavits. Unless the supposed offender in his testimony has contradicted himself beyond recall in matters material to the issue, witnesses to prove the perjury must be placed upon the stand and submit themselves to cross-examination, or records showing the crime must be offered on trial, subject to the scrutiny of his counsel.

4. NEW TRIALS—*To Make a Case Stronger on Second Trial.*—New trials will not be granted to enable parties to make a case somewhat stronger on a second trial.

5. SAME—*Evidence Authorizing.*—To authorize a new trial on the ground of newly-discovered evidence, it must appear that the evidence has been discovered since the trial, and that it could not have been produced on the trial by the use of reasonable diligence, and on the question of diligence, like this, a party ought to negate every circumstance from which negligence may be inferred.

6. INSTRUCTIONS—*Other Instructions Stating Same Principle in Other Words.*—It is not error to refuse an instruction which states the same principle stated in another instruction but contained in other words.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge presid-

ing. Heard in this court at the October term, 1901. Affirmed. Opinion filed October 27, 1902.

This appeal is prosecuted from a judgment of $1,358.40, recovered by the plaintiff below in a suit for damages for personal injuries. The accident occurred December 30, 1899, at the point where the tracks of the Chicago City Railway on Root street intersect the tracks of the Chicago and Western Indiana Railroad. Stewart was a passenger on an east-bound City Railway car, which was run into by a Chicago and Eastern Illinois switch engine running light on the Western Indiana track.

Where this accident occurred there are ten railroad tracks running north and south. Beginning at the west are three Wabash tracks; east of these are four Western Indiana tracks, and east of these are three Pennsylvania tracks. Between the Wabash tracks and the Western Indiana tracks are crossing gates operated by a flagman in the tower. As the street car approached the Western Indiana tracks the crossing gates were down, blocking further progress of the car. The street car conductor went ahead and crawled under the crossing gates, when a south-bound engine of the Wabash road passed over the Root street crossing, traveling on the westernmost of the Western Indiana tracks.

At this time, hanging over the crossing and the railroad tracks, to the north, was what seems to have been a well-nigh impenetrable mass of smoke and steam coming from a number of Wabash engines standing on the tracks to the west of the Western Indiana tracks. On this account the street car conductor was unable to see whether or not anything was coming on the tracks to the north of the street crossing. But, observing that the tower man had raised the crossing gates, he signaled to the motorman, who started up his car, which was run into when it was crossing the westernmost Western Indiana track, by the defendant's engine coming from the north.

KENESAW M. LANDIS, attorney for appellant; W. H. LYFORD, of counsel.

FRANCIS T. MURPHY, attorney for appellee; EDWARD C. HIGGINS, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellant says that appellee committed perjury in swearing that he lost two fingers of his left hand so early in life that he does not remember the circumstances of that accident; while the fact is, as appellant contends, that such fingers were amputated at the Cook County Hospital in 1889, when appellee was at least twenty years of age, as a result of injuries that he received on the Santa Fe road.

The loss of these fingers was not in issue in this case. If this evidence had been offered on trial, it would not have been competent, as it was wholly immaterial. There is here no claim for damages for such loss. On the contrary, appellee expressly states that they were cut off many years before the accident of which he complains occurred. So that the inquiry in that particular was concerning a collateral matter, and was calculated to mislead the jury.

That question not being here in issue, evidence thereon, elicited on cross-examination, can not be made the foundation of either contradiction or of impeachment. This is the settled rule.

It does not require the citation of authorities to establish the proposition that perjury can not be proved by affidavits. Unless the supposed offender, in his testimony, has contradicted himself beyond recall in matters material to the issue, witnesses to prove the perjury must be placed upon the stand and submit themselves to cross-examination, or records showing the crime must be offered on trial, subject to the scrutiny of his counsel. It follows that the affidavit filed in this case can be considered only as newly-discovered evidence in support of the motion for a new trial.

The newly-discovered evidence is not sufficient to entitle appellant to a new trial. It is discrediting or impeaching only, and is not conclusive upon any point material to the issue. New trials will not be granted to enable parties to

make a case somewhat stronger on a second trial. Conlan v. Mead, 172 Ill. 16.

Due diligence is not shown. How long before the trial appellant had knowledge that appellee had been injured on the Santa Fe road prior to the date of this accident, the record does not disclose. But the cross-examination of appellee shows that appellant knew this fact on the day of the trial, and Dr. Babcock, one of its witnesses, had known it since December 30, 1899, at which time appellee voluntarily stated it to him. Appellant offers no sufficient excuse for not presenting this evidence at the trial. If it was material on the motion for new trial, it was material on the hearing.

"To authorize a new trial on the ground of newly-discovered evidence, it must appear that the evidence has been discovered since the trial, and that it could not have been produced on the trial by the use of reasonable diligence. * * * On a question of diligence like this, a party ought to negate every circumstance from which negligence may be inferred." Crozier v. Cooper, 14 Ill. 141; also see Dyk v. DeYoung, 133 Ill. 84, 85.

During the trial appellant asked that appellee submit to a personal examination by a physician to be selected by the court. Appellee refused. Then appellant, by questions and offer, attempted to prove that such an examination would not be injurious to appellee. Objections to such questions and offer were sustained. These rulings are assigned for error. Appellee had refused to be then examined. The court had no power to compel him to submit to an examination. The incident was closed. Whether or not, in the opinion of the physicians, such an examination would be harmful to him, became and was wholly immaterial. The rulings of the court were right.

Instruction No. 20 was properly refused. It wholly ignores the question of the negligence, if any, of appellant.

If instruction No. 21 is proper, it is fully covered by instructions Nos. 4, 15 and 17, which were given. When a principle of law is once stated in a given instruction, it is not error to refuse another instruction which states the same principle in other words.

We can not say that the damages are excessive. It is admitted that appellee was a passenger on the street car at the time of the accident. The negligence of appellant is established by the verdict. If the evidence of the appellee as to the character and permanence of his hurts was stricken from the record, the testimony of Dr. Lockhart, the attending physician, as to such injuries, and that of his neighbors as to his health before and after the accident, if believed by the jury, sustains the verdict.

Finding no reversible error, the judgment of the Superior Court is affirmed.